UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:22-CV-00022-GNS-HBB

**E.M.** *a minor by and through*
*Victor Mozqueda and Belka Pena, her*
*Parents and next friends* **and**
**M. M.** *a minor by and through*
*Victor Mozqueda and Belka Pena, her*
*Parents and next friends*                                                                 **PLAINTIFFS**

**VS.**

**WERNER ENTERPRISES, INC. AND**
**GERALD NORRIS**                                                                                     **DEFENDANTS**

MEMORANDUM OPINION
AND ORDER

Before the Court is the motion of Defendants Werner Enterprises, Inc. and Gerald Norris (collectively "Werner"), DN 26, for leave to file a third-party complaint.[1]  Plaintiffs E.M. and M.M. have responded in opposition at DN 27, and Werner has replied at DN 28.

Nature of the Motion

E.M. and M.M. are minors.  Their parents are Victor Mozqueda and Balka Pena, who act in this action on their behalf as parents and next friends (DN 1, p. 1).  On February 3, 2022, E.M. and M.M. were passengers in a vehicle involved with a collision with another vehicle operated by

---

[1] Werner initially filed a motion for leave to file a third-party complaint at DN 22.  Plaintiffs responded in opposition at DN 23.  Following discussions between the parties, they submitted an agreed amended scheduling order (DN 25) extending the time for Werner's filing of motions to amend the pleadings, so as to allow Werner to attempt to resolve Plaintiffs' objections to the proposed third-party complaint.  Consequently, although Werner characterizes the current tendered third-party complaint as "amended," it is technically an original third-party complaint as the filing of the present motion at DN 26 appears to moot the motion at DN 22 and there is no previously entered third-party complaint to amend.

Norris and owned by Werner (Id. at pp. 1-2). The Plaintiffs assert claims for personal injury against Norris under negligence and against Werner under vicarious liability (Id.).

Werner's motion asserts that Mozqueda was operating the vehicle in which E.M. and M.M. were passengers at the time of the collision and that their injuries are the result of his negligence (DN 26, p. 1-2). Werner seeks to join Mozqueda as a third-party defendant for indemnity or apportionment for any judgment rendered in favor of the minors. Plaintiffs do not oppose the filing of the third-party complaint insofar as it would seek to impose apportionment on Mozqueda, but they do oppose any claim for indemnification.

## Discussion

In a diversity action, the Court applies Kentucky substantive law and federal procedural law. Hoven v. Walgreen Co., 751 F.3d 778, 783 (6th Cir. 2014). A defendant, as a third-party plaintiff may serve a "complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). "A third party complaint may be maintained in those cases where the third party defendant would be liable secondarily to the original defendant in the event the original defendant is held liable to the plaintiff." Baker v. Moors, 51 F.R.D. 507, 509 (W.D. Ky. 1971); *see* Amer. Zurich Ins. Co. v. Cooper Tire & Rubber Co., 512 F.3d 800, 805 (6th Cir. 2008) ("The purpose of Rule 14 is to permit additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit."). A motion to file a third-party complaint is a matter addressed to the discretion of the trial court. General Electric Co. v. Irvin, 274 F.2d 175, 178 (6th Cir. 1960); Fed. R. Civ. P. 14(a).

In <u>Wilson v. Wal-Mart Stores East, LP</u>, No. 4:11-CV-00148-JHM, 2013 U.S. Dist. LEXIS 81583 (W.D. Ky. June 11, 2013) the Court set forth an analysis of apportionment and indemnity under Kentucky law:

> Under current Kentucky law, "liability among joint tortfeasors in negligence cases is no longer joint and several, but is several only." <u>Degener v. Hall Contracting Corp.</u>, 27 S.W.3d 775, 779 (Ky. 2000). K.R.S. § 411.182 provides that "[i]n all tort actions, including products liability actions, involving fault of more than one (1) party to the action . . ., the court . . . shall instruct the jury to [determine] . . . [t]he percentage of the total fault of all the parties to each claim that is allocated to each claimant, defendant, third-party defendant, and person who has been released from liability." K.R.S. § 411.182 "'is simply a codification of this common law evolution of the procedure for determining the respective liabilities of joint tortfeasors,' whether joined in the original complaint or by third-party complaint." <u>Ky. Farm Bureau Mut. Ins. Co. v. Ryan</u>, 177 S.W.3d 797, 802-03 (Ky. 2005) (quoting <u>Degener</u>, 27 S.W.3d at 779). "If there is an active assertion of a claim against joint tortfeasors, and the evidence is sufficient to submit the issue of liability to each, an apportionment instruction is required." <u>Floyd v. Carlisle Constr. Co.</u>, 758 S.W.2d 430, 432 (Ky. 1988) (emphasis omitted).
>
> . . .
>
> As to the indemnity claim, the Kentucky Supreme Court has made it clear that indemnity claims are viable under Kentucky law. <u>See Degener</u>, 27 S.W.3d at 780. However, cases permitting recovery based on indemnity principles "'are exceptions to the general rule, and are based upon principles of equity.'" <u>Id.</u> (quoting <u>Louisville Ry. Co. v. Louisville Taxicab & Transfer Co.</u>, 256 Ky. 827, 77 S.W.2d 36, 39 (Ky. 1934)). Such equitable exceptions are reserved for two classes of cases: "first, for those cases in which the party claiming indemnity has not been guilty of any fault, except technically, or constructively, as where an innocent master was held to respond for the tort of his servant; and second, for those cases in which both parties have been in fault, but not in the same fault, towards the party injured, and the fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury." <u>Id.</u> (internal quotations omitted). "In other words, '[w]here one of two parties does an act or creates a hazard and' a second party, 'while not concurrently joining in the act, is, nevertheless thereby exposed to liability . . . , the party who was the active

3

>wrongdoer or primarily negligent can be compelled to make good to the other any loss he sustained.'" Hall v. MLS Nat. Med. Evaluations, Inc., 2007 U.S. Dist. LEXIS 33909, 2007 WL 1385943, at *3 (E.D. Ky. May 8, 2007) (quoting Brown Hotel Co. v. Pittsburgh Fuel Co., 311 Ky. 396, 224 S.W.2d 165, 167 (Ky. 1949)).

Wilson, 2013 U.S. Dist. LEXIS 81583 at *6-8.

Plaintiffs argue that "[t]he right to indemnity is only available to 'one exposed to liability *because of* the wrongful act of another with whom she *is not in pari delicto*.' No determination has been made yet that Mr. Mozqueda has any liability in this matter, much less whether or not the Defendants and Mr. Mozqueda are in peri delicto." (DN 27 at p. 2) (*quoting* Degener, 27 S.W.3d at 780 (emphasis added)).

Werner responds that Mozqueda "negligently drove his vehicle starting the chain of events which resulted in the accident at issue. Therefore, the Defendants Gerald Norris and Werner Enterprises, Inc., were only secondarily negligent, not acting *in pari delicto*, and indemnity is appropriate." (DN 28, p. 3).

Turning to Werner's tendered third-party complaint, it alleges:

>On or about August 22, 2020, Third Party Defendant Mozqueda was negligent in the operation of his motor vehicle by failing to keep his vehicle under proper control and said negligent conduct was the sole factor or a substantial factor in causing the Plaintiffs' injuries and other alleged damages.
>
>The negligence of the Third Party Defendant, Mozqueda, was of a different kind or character than any claimed negligence of the Third Party Plaintiffs, and thus, the Third Party Plaintiffs are entitled to full and complete indemnity against the Third Party Mozqueda to the extent that they may be found liable to the Plaintiffs. Alternatively, the Third Party Plaintiffs are entitled to an apportionment against the Third Party Defendant, Mozqueda.

(DN 26-1 at ¶¶ 6-7). While the undersigned harbors significant reservation that the facts of the accident will support a claim for indemnification, as opposed to apportionment, it is the function

of discovery in the case to establish those facts. For the present, Werner has made a sufficient allegation to go forward with its third-party complaint.

**IT IS HEREBY ORDERED** that Werner's motion for leave to file a third-party complaint (DN 26) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the tendered third-party complaint (DN 26-1).

**IT IS FURTHER ORDERED** that Werner's previous motion for leave to file a third-party complaint (DN 22) is **DENIED as moot**.

March 1, 2023

H. Brent Brennenstuhl
United States Magistrate Judge

Copies: Counsel